JOHN T. SCOTT *et als.* v. ORALIND PORTER *et als.*

GUARDIAN. *May defend suit where realty is involved.* A regular guardian may defend for his wards, and waive service of process, even where the realty is involved.

FROM HENRY.

Appeal from the Chancery Court at Paris. JOHN SOMERS, Ch.

Scott *v.* Porter.

COLE & SWEENY for complainants.

J. G. THOMASON for defendants.

COOPER, J., delivered the opinion of the court.

In the year 1861 partition was made by decree of the chancery court, upon the report of commissioners, of the lands of John L. Hayler, deceased, among his heirs, about sixty-seven and a half acres of land being allotted to the present complainants, the children of the decedent's daughter, Nancy, as their share. The title to these sixty-seven and a half acres was subsequently contested, ard settled against these children in another chancery suit, the court having held that the land, at the time of the partition, belonged to adverse claimants. This bill was filed against the other heirs of the decedent for repartition or contribution. The Chancellor granted the relief sought, and the defendants appealed.

It is not denied that, if the facts be as alleged in the bill, the complainants are entitled to the relief granted by the Chancellor under the decision of this court in *Sawyers* v. *Cator*, 8 Hum., 256. The defense is rested upon the ground that the complainants were not parties to the suit by which the title to their share of the land was determined to be in other parties, and they in effect evicted.

The record, it is argued, of the suit in which the title was adjudged, does not show any service of process on the complainants, who were then minors, and it is also argued, they could not be made parties by some one undertaking to appear and answer for them.

15—VOL. 2.

But the bill in that case, after stating that the particular defendants were infants, names the general guardian, and the answer is put in by this general guardian. And it has long been settled in this State that a regular guardian may defend for infants, and may waive the service of process, even where their realty is involved. *Cowan* v. *Anderson,* 7 Col., 284; *Masson* v. *Swan,* 6 Heis., 450; *Britain* v. *Cowen,* 5 Hum., 315.

There is no error in the Chancellor's decree, and it must be affirmed.