R. K. HUTSELL *v.* T. R. HARRINGTON, *et al.*

(*Knoxville.* September Term, 1928.)

Opinion filed December 8, 1928.

1. CHANCERY JURISDICTION. INJUNCTION. GENERAL CREDITORS' BILL. INSOLVENT ESTATE.

It is well settled that the chancery court has authority in a general creditors' suit, as well as in a suit to administer an insolvent estate, to enjoin the prosecution of independent suits. (Post, p. 556.)

Citing: Sections 4102-4138, Shannon's Code, 1917 Edition; Bibb v. Tarkington, 70 Tenn. (2 Lea.), 224.

2. CHANCERY JURISDICTION. GENERAL CREDITORS' BILL. INJUNCTION.

In a general creditors' suit the injunction becomes effective as to the party enjoined only from the time of actual notice, but to render an injunction binding and operative upon the defendant it is not necessary that he should have been officially apprised of its existence or actually served with the writ. (Post, p. 557.)

Citing: Gibson's Suits in Chancery (New Edition), section 1033.

3. CHANCERY JURISDICTION. GENERAL CREDITOR'S SUIT.

A bill to enjoin a particular judgment at law would not be effective where the judgment creditor, residing within the jurisdiction of the court, was made a party by publication only. (Post, p. 557.)

4. CHANCERY JURISDICTION. SERVICE OF PROCESS. INJUNCTION.

One residing within the jurisdiction of the court must be personally served with process in order to become a party to the suit; likewise to be bound by an injunction, it must be served upon a party, or he must have actual knowledge thereof. (Post, p. 557.)

5. CHANCERY JURISDICTION. INJUNCTION. JUDGMENT.

A judgment obtained by a party to a suit upon whom an injunction has been served restraining him from taking same is void. (Post, p. 557.)

Citing: Patterson v. Gordon, 3 Tenn. Chan., 18.

6. **CHANCERY JURISDICTION. GENERAL CREDITORS' SUIT.**
The primary purpose of a general creditors' bill is to make an equitable distribution of a common fund. (Post, p. 558.)

7. **GENERAL CREDITORS' SUIT. RIGHTS OF PARTIES.**
Where the defendant instituted suit in a justice of the peace court, the complainant was privileged to make the same defense he could have made had the claim been prosecuted in the creditors' suit, or he could have enjoined the justice of the peace suit. (Post, p. 558.)

8. **CHANCERY JURISDICTION. EQUITABLE RELIEF.**
One of the general rules governing the subject of equitable relief is that it will not be granted where the matter on which the claim to relief is founded was litigated in the original action or when it might have been litigated by the exercise of due diligence. (Post, p. 558.)
Citing: 15 R. C. L., 741.

9. **CHANCERY JURISDICTION. GENERAL CREDITORS' SUIT. INJUNCTION.**
A creditor who obtains a judgment without having actual knowledge of the pendency of a general creditors' suit, was not a party to it and no writ of injunction was served on him, is not subject to have the collection of his judgment enjoined merely because of the pendency of a general creditors' bill. (Post, p. 558.)

---

### FROM KNOX.

---

Appeal from the Chancery Court of Knox County.— Hon. Robert M. Jones, Chancellor.

McMillan & Vertrees, for complainant, appellee.

J. C. Wilburn, for defendant, appellant.

Mr. Justice McKinney delivered the opinion of the Court.

In 1925 Harrington recovered a judgment against Hutsell before a justice of the peace in the sum of $100.

In 1927 an execution was issued upon said judgment and was served by garnishment.

The bill in this cause was filed for the purpose of enjoining further proceedings under said execution, it being alleged that the justice of the peace judgment was void because taken in violation of an order of injunction issued by the chancery court.

In June, 1922, Mrs. Kirk filed a general creditors' bill against Hutsell. On June 13, 1922, an order was entered sustaining the bill, and reciting, among other things, the following:

"And the Clerk and Master is ordered to make publication in some newspaper, notifying all creditors of the defendant of the filing of the bill in this cause, requiring them to come in by petition and file their proof and respective claims against the defendant on or before the 15th day of December, 1922, or they may be excluded from the benefits of this proceeding.

"And on motion of the complainant, the institution of any separate suits by any of said creditors or claimants against the defendant is hereby enjoined and all parties to any suits or all suits now pending against said defendant are enjoined from proceeding further in them than to judgment, and the Master will so state in said publication notice."

Publication was duly made in conformity with said order.

Harrington was not made a party to that suit; no writ of injunction was served on him, and it is not alleged in the bill that he had actual knowledge of the pendency of that suit, or the publication notice made therein.

The bill in this cause was demurred to, the demurrer overruled, and an appeal granted to this court.

(1) It is well settled that the chancery court has the authority in a general creditors' suit, as well as in a suit to administer an insolvent estate, to enjoin the prosecution of independent suits. The reason for this rule is the prevention of a multiplicity of suits and to make an equitable distribution of a common fund.

Sections 4102-4138 of Shannon's Annotated Code regulate the procedure in suits to administer insolvent estates, two of said sections being as follows:

4111. "Publication shall also be made by order of the court, or, in vacation, by order of a judge, or of the Clerk and Master of the court, for all persons interested to come forward and exhibit their demands, and have themselves made parties to the bill; which publication shall be made equivalent to service of process upon all persons authorized to become parties."

4123. "The Chancellor may enjoin the commencing or prosecuting of all suits at law against the estate, except such as, in his discretion, he shall direct to be tried at law; and all other suits in equity, except such as he shall direct to be tried separately."

A careful reading of the original statute shows clearly that the foregoing provisions are limited to cases in which there has been a regular suggestion of insolvency in the county court. *Bibb v. Tarkington*, 70 Tenn., 224.

We find it unnecessary to determine whether a creditor must have actual knowledge of an injunction, in order to be bound thereby in a proceeding to administer an insolvent estate. But the practice in such cases has no application in a general creditors' suit where the general principles of law governing injunction suits control.

*(2)* Mr. Gibson, in his Suits in Chancery (New), section 1033, says that creditors should be made defendants in general creditors' suits; and in section 845 he says:

"An injunction becomes effective as to the party enjoined only from the time of actual notice. But to render an injunction binding and operative upon a defendant, it is not necessary that he should have been officially apprised of its existence, or actually served with the writ. If the defendant has heard the order of the Court granting an injunction, or has in any manner received actual notice of its existence, he is as effectually bound by its provisions as if actually served with process."

*(3)* It would hardly be contended that a bill filed to enjoin a particular judgment at law would be effective where the judgment creditor, residing within the jurisdiction of the court, was only made a party by publication notice in which it was recited that he was enjoined from collecting his judgment. The instant cause differs from the foregoing only in that several instead of one creditor are sought to be enjoined.

*(4)* Our statute provides that one residing within the jurisdiction of the court, in order to become a party to the suit, must be personally served with process. There are certain exceptions not necessary to state here. Likewise, to be bound by an injunction it must be served on the party or he must have actual knowledge thereof. No statute has been cited making constructive notice sufficient.

*(5)* We subscribe to the rule announced by Chancellor COOPER in *Patterson* v. *Gordon,* 3 Tenn. Chy. Rep., 18, to the effect that where a party to a suit, upon whom an injunction has been served, obtains judgment in violation of the restraining order, such judgment would be perpetually enjoined.

*(6)* The primary purpose of a general creditors' bill is to make an equitable distribution of a common fund. Harrington never attempted to obtain any part of the common fund. Probably it had been distributed when he instituted suit before the justice of the peace. He did not undertake to reach any of the property of the complainant until after the creditors' suit had been concluded. So far as this record shows, he did not know of the creditors' suit or the order of publication. He in no sense interfered with the process of the chancery court.

*(7)* When the defendant instituted suit in the justice of the peace court the complainant was privileged to make the same defense he could have made had the claim been prosecuted in the creditors' suit, or he could have enjoined the justice of the peace suit.

In 15 R. C. L., 741, it is said:

*(8)* "One of the general rules governing the subject of equitable relief is that it will not be granted where the matter on which the claim to relief is founded was litigated in the original action, or where the matter might have been litigated by the exercise of due diligence."

*(9)* The justice of the peace had jurisdiction of the parties and of the subject-matter, and the judgment entered by him is regular and valid in every particular.

Since the defendant was not made a party to the creditors' suit, and was not served with the writ of injunction therein, we hold that he has violated no order or decree of the chancery court that would justify a decree perpetually enjoining the collection of his valid judgment.

It results from the foregoing that the decree of the chancery court will be reversed, the demurrer sustained, the bill dismissed and defendant may have a decree on the injunction bond for the amount of his judgment with interest and costs.